Doyle, J.,
dissenting. These statutes are in pari materia and should be so read and construed. Section 15 of .the act of ¡March 14, 1853, provided that “ bastards shall be capable of *485 inheriting, or transmitting inheritance on the part of their mother in Mice manner as if they had been born in lawful wedlock.” Certainly this daughter did not inherit the estate of her mother, in like manner as if born in lawful wedlock, if there is carved out of her inheritance an estate by the curtesy which could not be carved out of such inheritance if she was legitimate. S. & C. Stat. 504.
Section 11 of the act of February 11, 1824, contained .substantially the same provision as section 17 of the act of March 14, 1853, the language being “ bastards shall also be capable of inheriting or of transmitting inheritance, on the part of their mother, in like manner as if they had been lawfully begotten of such mother.” Chase’s Stat. 1313.
This act contained the provision (§ 15) that nothing in it “ shall be construed to affect the right any person may have as tenant by the curtesy in any estate of inheritance, nor shall the right, of dower claimed by any widow in any estate of inheritance be impaired in any wise whatever.”
This statute, however, created no new right of curtesy or dower, and the provision last mentioned was explanatory, to prevent such a construction of the statute as would impair the common-law right of the husband or wife in .those respects.
The right to curtesy at common law depended upon the birth, alive, of issue of the marriage out of which the estate grew, and was not affected by the birth of children of the mother before such marriage, whether legitimate or illegitimate. Hence the unimportance of that explanatory provision in the statute, as affecting the question in issue.
In the act of 1853, however, the right of the husband was enlarged by dispensing with the necessity of issue born during coverture, as a pre-requisite, to the estate by curtesy. While in the act of March 1, 1869 (66 Ohio L. 21), that right was limited by the provision ‘ ‘ that if any deceased wife shall leave issue or the legal representative of such issue by a former marriage, her surviving husband shall not be entitled to an estate by the curtesy in the interest of such issue or the legal representatives of such issue in her estate, unless the *486 estate came to the deceased wife from the surviving husband, or by devise or deed of gift from his ancestors.”
The words “by a former marriage” in section 17 of this statute, and “ in lawful wedlock ” in section 15 of the act of 1853, which remains unchanged, are equivalent. If this daughter was born in lawful wedlock, it would necessarily be of a former wedlock or former marriage.
It was clearly the intention of the legislature to bestow upon the illegitimate child of the mother, in all respects relating to inheritance, the attributes of legitimacy, and to take away from the husband the right to curtesy in the interest of any child of the mother, which, in law or in fact, would be the legitimate heir of such mother, born previous to the coverture of the husband claiming such estate.
McIlvaine, J., concurs in the dissent.